1892, is hereby stayed, and that said argument be, and the same is hereby, put over until the next term of the general term of the fourth judicial department, appointed to be held at Saratoga on the second Tuesday of September, 1892. And it is further ordered that the service hereof may be made upon McClary and Paddock, Attys. for the defendant herein, and upon the clerk of the general term of the supreme court of the third department, at Albany, N. Y., by depositing a copy thereof in a securely-closed, prepaid wrapper, directed to McClary and Paddock at Malone, N. Y., and to the said clerk of the said court at Albany, N. Y., and deposited in the post office at Canton, N. Y., this May 2d, 1892. And it is further ordered that the service of the papers in the said motion before said Justice KELLOGG on May 10th, 1892, may be made by depositing a copy thereof in the post office at Canton, N. Y., on this day, in a securely-inclosed, prepaid wrapper, directed to McClary and Paddock, Malone, N. Y.                                                LESLIE W. RUSSELL, J. S. C."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*G. S. Dorwin,* for appellant.  *McClary & Paddock,* for respondent.

PER CURIAM. An appeal has been taken in the above-entitled action to this court. Such appeal is regularly upon the calendar, and noticed for argument at this time. An application has been made to a special term at chambers, and an order granted staying the argument upon appeal, and putting the same over until the next term of this court; a copy of the order served upon the clerk of this court, and upon the attorneys for the adverse party. Such practice cannot be tolerated. Attorneys practicing in this court, and having cases upon its calendar, if they desire to stay proceedings therein, or to defer arguments thereon, or to have the same put over the term, must apply to the general term, and not to single justices of the court. It is necessary for the orderly transaction of its business that the court should retain exclusive control of its own calendar, and it cannot tolerate any interference therewith, and attorneys must not apply elsewhere for any relief desired by them as to the disposition of any case pending therein upon appeal; and when, by inadvertence or oversight, any judge has granted an order interfering with the argument or disposition of a case on the calendar of this court, such order will be disregarded. The special term order herein referred to is hereby vacated and set aside, and the case will be disposed of when reached in its regular order upon the calendar.

---

### ALLEN *v.* ALLEN *et al.*

*(Supreme Court, General Term, Fifth Department.  March 29, 1892.)*

WILLS—CONSTRUCTION—TRUSTS.

 Testator divided his estate into two parts, one comprising six tenths thereof, the other four tenths, and directed that they should, "until the decease of both my said son and my daughter and my son's wife, remain separate, distinct, and independent funds, held in trust, one (said six-tenths part) for the benefit of my said son and his family, and the other (said four-tenths part) for the benefit of my daughter and her family; * * * and there shall be no commingling or changing them, or either of them, until the death of my said son and daughter and my said son's wife," at which time his entire estate was to go in equal parts to his grandchildren. *Held,* that these directions were to be severally applied, and the trust for the benefit of the daughter was created for her life alone, and at her death the four tenths would vest in the grandchildren, while the six tenths would vest in a like manner at the decease of the son and his wife.

Appeal from special term, Erie county.

Action by W. Cleveland Allen against Margaret Gertrude Allen and Edward L. Parker, as trustees, impleaded with Allen Bailey and others. From a judgment entered at special term dismissing the complaint, plaintiff and the trustees appeal. Affirmed.

The opinion of DANIELS, J., at special term is as follows:

"This action is brought for the partition of the real estate of Lewis F. Allen, deceased, upon the theory that as to it he died intestate, and it consequently descended to the plaintiff, his son, and to his daughter, Margaret Gertrude Allen, his only surviving children, his heirs at law. By way of defense the will of decedent has been interposed as an answer to the action. This will, in its terms, has disposed of all the estate, both real and personal, and, if it is to be sustained as it has been made and proved, presents a complete defense to the action. Its effect, in this respect, is resisted by both the son and daughter of the testator. In the directions contained in it, and in a codicil added to it for the creation and disposition of certain legacies and the payment of the debts owing by the decedent, it has not been brought in controversy; but as to the disposition of the residue and remainder of the estate the will is earnestly assailed as unlawful and inoperative. This residue and remainder has, in form at least, been given to the two executors named in the will as trustees. They have declined to act in that capacity, but their disclaimer will not affect the validity of the disposition directed to be made of this part of the estate, if that disposition shall appear to conform to the law. The precise respect in which it is deemed to have failed is that a trust has been created in this property, which may endure for more than the period of two lives in being at the decease of the testator. It was the primary design thereby to provide for the support and maintenance of the testator's son and daughter, and incidentally of their families, from the rents and profits accruing in the course of the execution of the trust. In carrying it into effect the testator declared it to be his will and intention that his two children should 'share in all the income, revenue, benefits, and advantages' in the following proportions: 'My son, William Cleveland Allen, shall have six tenths, and my said daughter shall have four tenths.' In ascertaining and making this division the value of the residence which has been owned and was occupied by the testator, but which, by his deceased mother, who had then become the owner, had been devised to his daughter, was to be added to the residue of his own estate, and charged to the share of the daughter. It was also directed that there should be charged to her share or portion the sum of four thousand dollars and interest, advanced to her by the testator to defray the expenses of improving another parcel of her property, and the fair value of another piece of land 252½ feet north of Ferry street, on the westerly side of Niagara street, in the city of Buffalo. And it was after making these additions to the enhancement of the value of his estate that the division previously directed was to take place. And that division was to be made in the proportions already mentioned by the trustees empowered to take and manage the residue of this estate in trust.

"It is as to the disposition directed to be made of the four tenths, and the continuation of the trust to provide the fund out of its income for the payment of that sum, that the testator is supposed to have transcended the authority which the statute reposed in him for the disposition of his estate; and to determine whether the objection urged is well founded it becomes necessary to examine the directions contained in the will for the management and final disposition of this part of the estate. If it is to remain subject to the trust until this daughter and the plaintiff and his wife shall be deceased, then clearly that cannot be sustained, for it would then exceed, by the duration of one life, the extreme limit provided for the suspension of the title to or absolute ownership of property. But if the trust created for the benefit of the daughter and her family must end with her own decease, and the remainder at that time vest in fee, then the objections made to this will must vanish and disappear. In the final directions given for the disposition of the estate among the grandchildren of the testator an intention to defer that division beyond the time permitted by the statute has been evinced, if those directions are to be construed literally and by themselves. But the law does not require that to be done. The en-

tire instrument is to be considered so far as it is pertinent to this object, and the general purpose and design of the testator carried into effect, even if that may require some latitude of construction of particular clauses and phrases. *Phillips* v. *Davies*, 92 N. Y. 199, 204. In the early part of the will the testator repeatedly mentioned the interest of his daughter as her share. And he directed his executors to cause an appraisal of his property to be made, and then added: 'For the purpose of preventing, so far as is possible, any dispute or difficulties concerning my estate, or the management, division, or disposition thereof, I do hereby will and direct that the said trustees divide the same into two equal funds or parts, one to be composed of six tenths, and the other of four tenths, of the same, as nearly as is practicable in compliance with the provisions hereof, and as soon after my decease as they shall deem best, and that said division shall be made upon the basis of the inventory and appraisal hereinbefore mentioned; and that one of said funds and parts, to wit, six tenths of the fund or whole, and the rents, issues, and proceeds thereof, be used, devoted, and applied to and for the benefit of my said son and family, as hereinbefore directed, and the residue of said fund or parts, to wit, four tenths of the whole, and the rents, issues, and profits thereof, to be used, devoted, and applied to and for the benefit of my said daughter and her children, as hereinbefore directed.' And then four tenths for the daughter and her children were directed to be divided from property in the city of Buffalo, and the six tenths for the son and his children from property situated on Grand Island, subject to the equalization of each source of income by the necessary subtraction from or addition to each of these different parcels of property. The testator also created a power of sale for the trustees, under which they were empowered to sell any portion of the residue of the estate. But that is only to be done after consultation with the one of these two children for whose benefit the investment of the proceeds shall afterwards be made. It was further directed that after making this division the trustees should take consideration, and make due allowance, for any lien or incumbrance upon any part of it. 'And when said two sums shall be separated from each other upon the basis and in the proportions aforesaid they shall from that time forth, and until the decease of both my said son and my daughter and my son's wife, remain separate, distinct, and independent funds, held in trust, one (said six-tenths part) for the benefit of my said son and his family, and the other (said four-tenths part) for the benefit of my daughter and her family, as herein directed; and there shall be no further commingling or changing them, or either of them, until the death of my said son and daughter and my said son's wife.' These directions demonstrate the intentions of the testator to have been to separate both his estate and the trust created by him in such a manner as to give the son the benefit of six tenths, and the daughter the benefit of four tenths. The division is marked and clearly defined, and produced a complete separation of the estate and the trusts. *Vanderpoel* v. *Loew*, 112 N. Y. 167, 19 N. E. Rep. 481. And added to these directions is the further, and equally, if not more positive, injunction that there shall be no commingling or changing of them. And it is not to be inferred that he intended to unite or commingle them into one trust, or one estate in remainder, by the further direction as to time, declaring it not to be permitted until the death of his son, of his daughter, and his son's wife, for that would be to do what he himself declared should not be done. Neither can it be presumed from the further direction that the testator gave and bequeathed his entire estate in equal seventh parts to his seven grandchildren, after the decease of his son and his wife and his daughter, for this, as well as the other direction, referring to the same events, are not to be construed literally, but should be so construed, as long as that can be consistently done, as to carry into effect the general scheme and design of the will, which is to give to the daughter the rents, income, and profits of four tenths of the estate during her life, and the son the other six tenths during the life

of himself and his wife, and the remainder of each part of the trust estate, in equal parts, to the grandchildren in fee. The directions already mentioned must be subordinated to these objects, and conformed to the division made of the trust estate; and that can well be done by applying them distributively. It is no more than reasonable to presume, from the other parts of the will, that this was the intention of the testator; and that, as to so much of the trust estate as was created for the benefit of the daughter, it was to end and finally vest at the time of her decease. The language employed was abbreviated and rendered somewhat elliptical, but, in view of the other provisions of the will, it should be construed in this manner, for no other construction will harmonize it with the general purpose to keep these shares distinct and separate.

"This construction is still further supported by the entire omission to make any other disposition of the four tenths of the estate after the decease of his daughter. If it is not to prevail, then he has left these four tenths to remain undisposed of until the decease of his son and his son's wife; and as no object whatever is to be subserved by that omission, it cannot be presumed that it was in fact intended. If the four tenths do not become vested in the grandchildren at the decease of the daughter, then nothing has been done with them between that time and the decease of the son and the son's wife, nor with their rents and profits; and no management of so much of the estate has, during that intervening time, been provided. After the decease of the daughter, the rights of the son and the son's wife remain precisely the same, and they are confined to the rents and income of the six tenths. Under this state of the case it is much more reasonable to believe that the testator intended the four tenths should at once vest in fee in the grandchildren on the decease of the daughter than that they should remain suspended until the decease of the son and the son's wife. If they are not to become vested at the decease of the daughter, then the testator has given an arbitrary and senseless direction for the suspension of the title without in the mean time vesting it or the possession in any person or persons, and such a direction should not be maintained. The law, in that event, would step in, and vest the estate in the persons ultimately intended to have the title. *In re Verplanck*, 91 N. Y. 439, 444. To avoid the result it has been argued that the trust in the four tenths will continue to the benefit of the children of the daughter after her own decease. But that trust has not been declared. On the contrary, the trust for the benefit of the daughter and her children has, by subdivision three of the fifth paragraph, been limited in express language to the natural life of the daughter; and that, too, has again been confirmed by the reference afterwards made to the same subject. In paragraph six it is mentioned as the share held in trust for the benefit of the testator's daughter; and, after providing for the division of his estate, he again refers to the four tenths of the whole, and the rents, issues, and profits thereof, as what is to be used, devoted, and applied to and for the benefit of his daughter and her children, but only as ' hereinbefore directed. ' And in providing for the equalization of the division of the estate, this part of the trust is mentioned as being for the benefit of the testator's daughter and her children, and both are referred to afterwards as a trust for the testator's children and their respective families, and the separate parts of the estate are to be for the benefit of the daughter and her family, as ' herein directed.' In neither of these references is any trust created separately for the children of either the sister or the brother, but it was intended and expected that they would be directly benefited by the devotion of the rents and income in the proportions mentioned to the support and maintenance of the daughter in the one case, and to the son and his wife in the other. The recipients of the funds are the daughter, the son, and his wife; nothing whatever having been given to or to be received by either of the children until the estate itself should finally vest in them. These provisions go very far towards sustaining the conclusion al-

ready mentioned, that the directions that the shares should not be changed until the death of the daughter and of the son and of the son's wife, and that after the death of these three persons the estate should finally vest in the grandchildren, were intended to be severally applied, allowing the four tenths to vest in the grandchildren immediately on the decease of the daughter, for whose life alone the trust was so far created, and the residue to vest in like manner when the son and his wife should be deceased; and that will avoid the unlawful suspension of the power of alienation or of absolute ownership in any part of the testator's estate, for four tenths must finally vest on the decease of the daughter, and the remaining six tenths on the decease of the son and his wife. And as the will is to be construed it follows that the plaintiff had no such title as will sustain an action by him for the partition of the estate, and his complaint must be dismissed. The decision will be settled and the question of costs determined only after service of a copy with notice upon the attorneys who have appeared; and, should any further directions be required for the complete disposition of the case, they will hereafter be given."

Argued before DWIGHT, MACOMBER, and LEWIS, JJ.

*White & Simons*, for plaintiff. *Adelbert Moot, James C. Beecher*, and *George Wadsworth*, for defendants.

PER CURIAM. Judgment appealed from affirmed, without costs of this appeal to either party, on opinion of DANIELS, J., at special term.

---

WOOD *v.* NESBITT.

*(Supreme Court, General Term, First Department. June 3, 1892.)*

SUBMISSION ON AGREED STATEMENT—SETTING ASIDE DECISION.

A decision of the general term in a controversy submitted on an agreed statement under Code Civil Proc. § 1279, which provides for such submission, in good faith, of a real controversy, for the purpose of determining the rights of the parties, will be set aside, as not of the independent character contemplated by the Code, where it appears that the same attorney prepared the statement and also the briefs of both parties. Decision in 16 N. Y. Supp. 918, vacated.

Controversy between Jennie E. Wood, as administratrix with the will annexed of Samuel Wood, deceased, against Robert M. Nesbitt. The cause was submitted on an agreed statement under Code Civil Proc. § 1279, which provides as follows: "The parties to a question in difference, which might be the subject of an action, being of full age, may agree upon a case containing a statement of the facts upon which the controversy depends, and may present a written submission thereof to a court of record which would have jurisdiction of an action brought for the same cause. The case must be accompanied with the affidavit of one of the parties to the effect that the controversy is real, and that the submission is made in good faith, for the purpose of determining the rights of the parties. The submission must be acknowledge or proved and certified, in like manner as a deed, to be recorded in the county where it is filed." The controversy came on to be heard on such submission by the general term, where a decision was rendered in favor of plaintiff, and an opinion was filed. See 16 N. Y. Supp. 918. Charles Hewlett and others, claiming an interest in the subject-matter of the controversy, move that the submission be dismissed, and the decision heretofore made on such submission be vacated; basing the motion on the ground that the statement of facts and the briefs of the respective parties were all prepared by the same attorney, whereby the independent character of the submission contemplated by the statute was destroyed. Motion granted.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Davies, Short & Townsend*, (*Julien T. Davies*, of counsel,) for the motion. *Magner & Hughes*, (*Thomas P. Wickes*, of counsel,) opposed.